**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Rodrigo ESCALANTE–CARRILLO,
Defendant—Appellant.**

**No. 09–10406.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 27, 2011.*

Filed Oct. 5, 2011.

Leta M. Hollon, Assistant U.S., USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kurt Michael Altman, Kurt M. Altman, P.L.C. Attorney at Law, Scottsdale, AZ, for Defendant–Appellant.

Before: HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Rodrigo Escalante–Carrillo appeals from the 57–month sentence imposed following his conviction for re-entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Escalante–Carrillo contends that the district court procedurally erred by failing adequately to discuss the 18 U.S.C. § 3553(a) sentencing factors. The record reflects that contrary to his contention, the district court did not plainly err. *See United States v. Carty,* 520 F.3d 984, 991–93 (9th Cir.2008) (en banc); *see also United States v. Lindsey,* 634 F.3d 541, 550 (9th Cir.2011).

Escalante–Carrillo also contends that his sentence is substantively unreasonable. Specifically, he contends that cultural assimilation provides a basis for a below-Guidelines sentence. In light of the totality of the circumstances and the section 3553(a) sentencing factors, the sentence is substantively reasonable. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.